**MANATT, PHELPS & PHILLIPS, LLP**
Schuyler G. Carroll (*pro hac vice* forthcoming)
7 Times Square
New York, NY 10036
Tel: (212) 790-4500
Email: scarroll@manatt.com

**MANATT, PHELPS & PHILLIPS, LLP**
Patrick L. DuBois (SBN 350331)
12730 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel: (619) 205-8512
Email: pdubois@manatt.com

*Proposed Counsel to the Debtor and
Debtor-in-Possession*

# UNITED STATES BANKRUPTCY COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 26-03102-11 |
| CashCall, Inc., | Chapter 11 |
| Debtor. | **DECLARATION OF LESLIE GLADSTONE IN SUPPORT OF DEBTOR'S CHAPTER 11 PETITION AND *FIRST DAY* PLEADINGS** |
| | Date: <br> Time: <br> Place:        Courtroom <br> Name of Judge:    Judge J. Barrett Marum |

I, Leslie Gladstone, hereby declare as follows:

1.      I am over the age of eighteen and am authorized to submit this Declaration on behalf of the Debtor, CashCall, Inc. (the "**Debtor**").  I make this Declaration in support of the Debtor's Chapter 11 Petition and concurrently-filed First Day Motions.  Additional facts regarding the Debtor's history, operations, and events leading up to this chapter 11 filing are set forth in the concurrently filed Declaration of J. Paul Reddam.  If called upon to testify, I could and would testify competently as to the facts set forth herein.

2.      I am the Chief Restructuring Officer ("**CRO**") for the Debtor, a California S Corporation. I am the founder of Financial Law Group, and have represented creditors, lenders, trustees and other fiduciaries since 1989.  I have been a standing member of the Southern District of California Chapter 7 Trustee Panel since 1998.  I have served as a trustee in thousands of chapter 7 and 11 cases, and have also served as a liquidating trustee, receiver, disbursing agent, special master, expert witness, and assignee for benefit of creditors and examiner.  I am a past president of the National Association of Bankruptcy Trustees, am a current chair of the International Committee for the National Association of Bankruptcy Trustees, a committee member for the Southern California chapter of Turnaround Management Association, and have served as past board member of the San Diego Bankruptcy Forum, the San Diego Receiver's Forum and the Women's Insolvency Network.  I am also a member of the United States Bankruptcy Court Mediation Panel.  I graduated *cum laude* from Pepperdine University School of Law. I am a frequent speaker on all aspects of bankruptcy law throughout the country.

3.      I am knowledgeable and familiar with the Debtor's day-to-day operations, business and financial affairs, books and records, and the circumstances leading to the commencement of this Chapter 11 case.  Except as otherwise indicated herein, the facts set forth below are based on my personal knowledge, my review of relevant documents, information provided to me by the Debtor or the Debtor's advisors, or my opinion, which itself would be based on my experience, knowledge, and information concerning the Debtor's operations.

DECLARATION OF LESLIE GLADSTONE IN SUPPORT OF
DEBTOR'S CHAPTER 11 PETITION AND FIRST DAY PLEADINGS

## I.  **THE DEBTOR'S CHAPTER 11 STRATEGY**

4.     In the second quarter of 2026, the Debtor recognized that it could no longer continue in its present form, and in recognition of its dire financial condition, engaged restructuring professionals from Manatt, Phelps & Phillips, LLP as counsel and Dundon Advisers, LLC as financial advisors.

5.     In light of the developments described above, the Debtor and its advisors have determined that it has no alternative but to commence this chapter 11 case, and that these proceedings are the best option to provide a benefit to the Debtor's creditors.

6.     In addition to retaining counsel and financial advisors, the Debtor also appointed Craig Jalbert as an Independent Director.  Mr. Jalbert is a principal at the accounting and business advisory firm Verdolino & Lowey, P.C., with over 40 years of experience in accounting and business advisory services, tax planning, compliance, forensic accounting, and bankruptcy matters, including valuation and insolvency, preference and fraudulent transactions, plan development, cash flow and business analysis, records reconstruction and post-confirmation administration, wind-down services, and expert reporting. Mr. Jalbert has deep experience in distressed matters and bankruptcy cases, including having acted as Independent Director of numerous other companies facing similar problems.  In addition, Mr. Jalbert has been involved in over 7,500 bankruptcy cases, including over 500 Chapter 11 cases, and has served as a trustee.  Mr. Jalbert also has served as a post-confirmation fiduciary, both a federal and state court receiver, an assignee in assignments for the benefit of creditors, and as an officer and/or director of public and private companies

7.     I am informed that the Debtor established a special committee of the board, which has sole and exclusive responsibility for all matters concerning any insider or related parties.  Mr. Jalbert is the sole member of the special committee.

8.     Also, the Debtor appointed me as CRO to help navigate the Debtor through the chapter 11 process.

9.     The Debtor, in conjunction with its advisors, Independent Director, and myself, is in the process of identifying strategic and value maximizing alternatives.  At the same time, the Debtor also is reviewing the status of the various litigations, in particular, the pending fraudulent transfer claim, which appears to be property of the estate.  The Debtor is assessing whether any substantial recoveries may be

- 2 -

realized in the near term from this litigation and whether any other valuable litigation claims exist that can enhance creditor recoveries.  Finally, the Debtor is assessing its business operations and expenses to determine whether the Debtor can survive and, in order to avoid the sudden inability to pay expenses, also considering whether liquidation is appropriate and if so, how to best do so in the context of this chapter 11 proceeding.

10.     The Debtor's advisors and counsel are highly experienced in restructuring and chapter 11 matters, and are working diligently to provide a framework that maximizes the benefit to the Debtor's creditors.  The Chapter 11 process will provide the Debtor and its advisors and counsel with the time and resources necessary to develop that strategy.

11.     Meanwhile, Absolutely Zero Corporation, a related party and insider, has agreed to provide a debtor in possession loan to finance this bankruptcy proceeding.  Under the debtor in possession loan, Absolutely Zero Corporation will loan the Debtor $3,995,000.  This loan will fund the Debtor's participation in this chapter 11 case and will also allow the Debtor to continue its ongoing operations and preserve its remaining assets, which is to the benefit of the Debtor's creditors.  I am informed from the Debtor's advisors that the Debtor has not been able to obtain financing from other sources, and I believe it to be  highly unlikely that the Debtor could obtain another loan on better or similar terms.

## II.     EVIDENTIARY SUPPORT FOR FIRST DAY MOTIONS

12.     Contemporaneously with the filing of this Declaration, the Debtor has filed several first day motions (each, a "**First Day Motion**" and, collectively, the "**First Day Motions**"),  seeking relief that the Debtor believes is necessary to enable it to avoid immediate irreparable harm, to continue fulfillment of its contractual obligations, and to efficiently administer the estate with minimal disruption/loss of value. The Debtor requests that the relief requested in each of the First Day Motions be granted as each is a critical element in ensuring value maximization of the Debtor's assets and estate.

13.     I have reviewed each of the First Day Motions and believe that the relief requested in each of the First Day Motions is absolutely necessary to avoid immediate irreparable harm and ensure the ongoing operations of the Debtor.  I have reviewed each of the First Day Motions and the factual statements set forth therein.  I confirm that each of the factual statements in each of the First Day Motions

DECLARATION OF LESLIE GLADSTONE IN SUPPORT OF
DEBTOR'S CHAPTER 11 PETITION AND FIRST DAY PLEADINGS

is true and correct to the best of my knowledge and belief.  I adopt each of the factual statements set forth therein as my own, as if each were fully set forth herein.

### A. DIP Financing Motion

14.    The Debtor has obtained the agreement of a related party and insider, Absolutely Zero Corporation, to provide secured DIP Financing to fund operational and restructuring expenses.  The proposed DIP Financing will provide the Debtor with up to $3,995,000 in much needed funding.  Although interest will accrue at the SOFR rate (currently 3.8%), the Debtor will not be required to make any interest payments.  The DIP lender will also not receive any fees, other than payment of its reasonable attorneys fees.

15.    Due to the limited availability of collateral, the DIP lender will be entitled to a super-priority claim on chapter 5 claims and the proceeds thereof, to the extent of any principal balance owed.  It appears that the only other asset with tangible value is the Debtor's loan portfolio, which has total face amount of less than $1,500,000, well below the amount of the DIP Financing.

16.    The Debtor is unable to obtain unsecured credit.  I am informed that the Debtor's financial advisors have conducted a detailed analysis of the potential to obtain secured credit and have determined that the terms provided in the proposed DIP Financing are substantially better than any other financing that could be available.

### B. Cash Management Motion

17.    The Debtor conducts its banking via four bank accounts maintained at Merchants Bank of Indiana.  These accounts consist of one operating account, which is used to pay all of the Debtor's expenses, two collections accounts, to which the Debtor's borrowers make their loan payments, and one funding account, which the Debtor used to fund loans to its borrowers.  These accounts are integral to the Debtor's operations.  If the Debtor was forced to close them and open new accounts, the Debtor's ability to collect payments from its borrowers and to pay its day-to-day expenses would be severely harmed.

### C. Motion to Reject Lease and Abandon Property

18.    Pursuant to certain lease amendments and assignments, prior to December 31, 2025, the Debtor occupied space designated as Suite 200, in the building known as 3660 Regent, located at 3660 Regent Boulevard, Irving, Texas 75603, which the Debtor formerly used as an office.  The ultimate

- 4 -

DECLARATION OF LESLIE GLADSTONE IN SUPPORT OF
DEBTOR'S CHAPTER 11 PETITION AND FIRST DAY PLEADINGS

landlord of the property is Harmony Public Schools.  Rent under the lease, which is set to expire on October 31, 2027, is $96,981.52. per month.  I am informed that the Debtor vacated the property on or before December 31, 2025, leaving behind certain personal property, namely office equipment and furniture, and stopped paying rent.  The Debtor has determined that the lease has no value.  Moreover, neither is it necessary to the Debtor's operations.  Further, the obligation to pay rent under the lease, especially the cure costs and other associated costs such as utilities and insurance eliminates any potential value of the lease to the Debtor.  Moreover, the value of the personal property remaining in the property is inconsequential, and the costs of removing and storing the personal property impose an undue burden on the Debtor.  After considering the potential cost to engage a broker or other professional to market, not to mention the time and effort necessary, it likely would not be possible for the Debtor to obtain any net recovery.

**D.      Motion To Extend Time to File Schedules and Statement of Financial Affairs**

19.      The Debtor is in the process of compiling and preparing its Schedules and Statement of Financial Affairs and is hopeful that it will be able to file within the 14-day deadline set by Bankruptcy Rule 1007(c).   Out of an abundance of caution, however, the Debtor seeks an extension of 30 days, so that the Debtor will have sufficient time to complete the Schedules and Statement of Financial Affairs.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on this 19th day of July, 2026 in La Jolla, California.

*/s/ Leslie Gladstone*
Leslie Gladstone

- 5 -

DECLARATION OF LESLIE GLADSTONE IN SUPPORT OF
DEBTOR'S CHAPTER 11 PETITION AND FIRST DAY PLEADINGS