**MANATT, PHELPS & PHILLIPS, LLP**
Schuyler G. Carroll (*pro hac vice* forthcoming)
7 Times Square
New York, NY 10036
Tel: (212) 790-4500
Email: scarroll@manatt.com

**MANATT, PHELPS & PHILLIPS, LLP**
Patrick L. DuBois (SBN 350331)
12730 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel: (619) 205-8512
Email: pdubois@manatt.com

*Proposed Counsel to the Debtor and
Debtor-in-Possession*

## UNITED STATES BANKRUPTCY COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| In re: | Case No. 26-03102-JBM11 |
|---|---|
| CashCall, Inc., | Chapter 11 |
|                 Debtor. | **DEBTOR'S EMERGENCY *FIRST DAY* MOTION FOR AN ORDER (I) AUTHORIZING (A) THE REJECTION OF AN UNEXPIRED LEASE; (B) ABANDONMENT OF PERSONAL PROPERTY, IF ANY, AND (II) GRANTING RELATED RELIEF** |
| | [Declarations of Leslie Gladstone and J. Paul Reddam in Support of Chapter 11 Petition and First Day Pleadings Filed Concurrently] |
| | Date:<br>Time:<br>Place:        Courtroom<br>Name of Judge:   Judge J. Barrett Marum |

DEBTOR'S EMERGENCY *FIRST DAY* MOTION FOR AN ORDER (I) AUTHORIZING (A) THE REJECTION OF AN UNEXPIRED LEASE; (B) ABANDONMENT OF PERSONAL PROPERTY, IF ANY, AND (II) GRANTING RELATED RELIEF

**TO HONORABLE MARUM, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, ALL CREDITORS, PARTIES REQUESTING SPECIAL NOTICE:**

1. CashCall, Inc. ("**Debtor**"), the Chapter 11 debtor and debtor in possession in the above-captioned Chapter 11 bankruptcy case, hereby submits its *Emergency First Day Motion for an Order (I) Authorizing (A) the Rejection of an Unexpired Lease; (B) Abandonment of Personal Property, if any, and (II) Granting Related Relief* (the "**Motion**").

2. Pursuant to certain lease amendments and assignments (collectively, the "**Lease**"), prior to December 31, 2025, the Debtor occupied space designated as Suite 200, in the building known as 3660 Regent, located at 3660 Regent Boulevard, Irving, Texas 75603 (the "**Premises**"), which the Debtor formerly used as an office.  The ultimate landlord of the Premises is Harmony Public Schools (the "**Landlord**").  The Debtor respectfully requests the Lease be rejected as of the date of the filing of this Motion (the "**Rejection Date**").

3. The Debtor vacated the Premises on or before December 31, 2025.  As a result, the filing of this Motion should not be deemed an admission that an executory contract exists or that the Landlord could assert an administrative expense claim, even if this Motion were not filed.  Rather, the Debtor is filing this Motion out of an abundance of caution and to avoid any confusion on the part of the Landlord or other parties in interest.

4. Pursuant to Local Rules 6007-4 and 9013-9(c)(3), the Debtor also seeks, on an expedited basis, to abandon any of its personal property remaining on the Premises.

5. The bases of the Motion are Local Bankruptcy Rules 6007 and 9013-9, Federal Rules of Bankruptcy Procedure 6006 and 6007, and sections 105(a), 362(d), 365(a), and 554(a) of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), the separately and concurrently filed *Declaration of Leslie Gladstone in Support of the Debtor's Chapter 11 Petition and First-Day Pleadings* (the "**Gladstone Declaration**") and *Declaration of J. Paul Reddam in Support of the Debtor's Chapter 11 Petition and First Day Pleadings* (the "**Reddam Declaration**"), the oral argument of counsel to be

- 1 -

DEBTOR'S EMERGENCY *FIRST DAY* MOTION FOR AN ORDER (I) AUTHORIZING (A) THE REJECTION OF AN UNEXPIRED LEASE; (B) ABANDONMENT OF PERSONAL PROPERTY, IF ANY, AND (II) GRANTING RELATED RELIEF

made at the hearing on the Motion, and all evidence properly before the Court at the hearing on the Motion. In support of this Motion, the Debtor states as follows:

## I. JURISDICTION AND VENUE

6. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

### A. General Background

7. On July 20, 2026 (the "**Petition Date**"), the Debtor filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") commencing the above captioned case. The Debtor continues to manage and operate its business as debtor-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

8. An official committee of unsecured creditors has yet to be appointed. Further, no trustee or examiner has been requested or appointed.

9. A detailed description of the Debtor and its business, the facts and circumstances leading up to this filing, and the facts supporting this Motion are set forth in greater detail in the Gladstone Declaration and the Reddam Declaration, which are being filed concurrently herewith and are incorporated by reference in this Motion.

### B. The Lease to Be Rejected

10. The Lease is set to expire on October 31, 2027. Rent for the Lease is $96,981.52 per month.

11. The Debtor vacated the Premises and returned the keys to the Premises to the Landlord on or before December 31, 2025. The Debtor has not accessed the Premises since. The Debtor also stopped paying rent in December, 2025. The Debtor owes approximately $600,000 under the Lease from January 2026 through the Petition Date. If the Debtor is not authorized to reject the Lease, it will owe an additional approximately $1,300,000 in rent for the remainder of the Lease term.

12. The Lease to be rejected provides no benefit to the Debtor or the estate. By rejecting the Lease, the Debtor anticipates that it will save nearly one hundred thousand dollars per month in anticipated

- 2 -

DEBTOR'S EMERGENCY *FIRST DAY* MOTION FOR AN ORDER (I) AUTHORIZING (A) THE REJECTION OF AN UNEXPIRED LEASE; (B) ABANDONMENT OF PERSONAL PROPERTY, IF ANY, AND (II) GRANTING RELATED RELIEF

rent and associated costs.  Moreover, in addition to the obligations to pay rent and other associated costs under the Lease, the Debtor would be obligated to pay certain related charges associated with the Lease. The Debtor has determined in its business judgment that the Lease is burdensome, that the Premises is not necessary for the ongoing business operation of the Debtor, and that the ongoing costs associated therewith constitute a waste of estate resources.

13.    Accordingly, to reduce postpetition administrative costs, and in the exercise of the Debtor's sound business judgment, the Debtor has determined that rejecting the Lease and any amendments and modifications, effective as of the Rejection Date, is in the best interests of the Debtor, its estate, and its creditors.

**C.    Personal Property**

14.    The Debtor left certain office equipment, furniture, and other personal property in the Premises (the "**Personal Property**").  To the extent any of the Personal Property remains at the Premises, the cost of removing and storing any remaining Personal Property outweighs any monetary return to the Debtor's estate, particularly after considering the costs to market and sell the Personal Property and the possibility that the Landlord may assert a lien against the Personal Property.  Accordingly, the Debtor has determined that abandoning any remaining Personal Property located at the Premises are in the best interest of the Debtor, its estate, and its creditors.

**III.    BASIS FOR THE REQUESTED RELIEF**

**A.    The Rejection of the Lease as of the Rejection Date Is Appropriate and Provides the Debtor with Significant Cost Savings**

15.    Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor."  11 U.S.C. § 365(a).  The decision to assume or reject an executory contract or unexpired lease is a matter within the "business judgment" of the debtor.  *See In re Chi-Feng Huang*, 23 B.R. 798, 800 (9th Cir. B.A.P. 1982); *In re Player's Poker Club, Inc.*, 636 B.R. 811, 817 (Bankr. C.D. Cal. 2022); *see also Nat'l Labor Relations Bd. v. Bildisco & Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test." (citation omitted)).  Under the deferential business judgment standard, courts need only engage in a

- 3 -

DEBTOR'S EMERGENCY *FIRST DAY* MOTION FOR AN ORDER (I) AUTHORIZING (A) THE REJECTION OF AN UNEXPIRED LEASE; (B) ABANDONMENT OF PERSONAL PROPERTY, IF ANY, AND (II) GRANTING RELATED RELIEF

"cursory review of a [debtor in possession]'s decision to reject the contract" and should "assume that the debtor-in-possession acted prudently, on an informed basis, in good faith, and in the honest belief that the action taken was in the best interests of the bankruptcy estate." *In re Player's Poker Club, Inc.*, 636 B.R. at 817 (brackets in original). A court "should approve the rejection of an executory contract under § 365(a) unless it finds that the debtor-in-possession's conclusion that rejection would be 'advantageous is so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, or whim or caprice.'" *Id.* (quoting *Lubrizol Enters., Inc. v. Richmond Metal Finishes*, 756 F.2d 1043, 1047 (4th Cir. 1985)). Further, section 365(a) "allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (citation omitted).

16. Rejection of an unexpired lease is appropriate where such rejection would benefit the estate. *See Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp. (In re Sharon Steel Corp.)*, 872 F.2d 36, 39-40 (3d Cir. 1989); *see also In re At Home Corp.*, 292 B.R. 195, 199 (N.D. Cal. 2003), *aff'd*, 392 F.3d 1064 (9th Cir. 2004). Upon finding that a debtor has exercised its sound business judgment in determining that rejection of certain contracts or leases is in the best interests of its creditors and all parties in interest, a court should approve the rejection under section 365(a) of the Bankruptcy Code. *See In re Fed. Mogul Glob., Inc.*, 293 B.R. 124, 126 (D. Del. 2003); *In re Bradlees Stores, Inc.*, 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996), *appeal dismissed*, 210 B.R. 506 (S.D.N.Y. 1997); *In re Summit Land Co.*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course").

17. The Debtor has not occupied the Premises since 2025 and has determined that the Lease has no value. The obligation to pay rent under the Lease, especially the cure costs and other associated costs such as utilities and insurance eliminates any potential value of the Lease to the Debtor. Additionally, the Debtor does not believe that the rental rate for the Lease is below market, or that any of the Lease's terms might otherwise make an assignment to a third party profitable, particularly in light of the potential cure costs associated with any assumption and assignment of the Lease. Accordingly, the

- 4 -

Debtor has determined that the Lease constitutes an unnecessary drain on the estate's resources and, therefore, in an exercise of its sound business judgment, seeks to reject the Lease.

18.     Similarly, the value of the Personal Property remaining in the property is inconsequential, and the costs of removing and storing the Personal Property imposes an undue burden on the Debtor. After considering the potential cost to engage a broker or other professional to market the Personal Property, not to mention the time and effort necessary, it likely would not be possible for the Debtor to obtain any net recovery.

### B.     Rejection of the Lease as of the Rejection Date Is Appropriate

19.     Under section 365 of the Bankruptcy Code, a court may apply rejection retroactively. *See In re At Home Corp.*, 392 F.3d 1064, 1067 (9th Cir. 2004); *In re Jamesway Corp.*, 179 B.R. 33, 37 (S.D.N.Y. 1995) (stating that section 365 does not include "restrictions as to the manner in which the court can approve rejection"); *see also In re CCI Wireless, LLC*, 297 B.R. 133, 138 (D. Colo. 2003) (section 365 "does not prohibit the bankruptcy court from allowing the rejection of [leases] to apply retroactively"). Moreover, the "retroactive date of rejection need not be on or after the date on which the landlord regains possession." *In re At Home Corp.*, 392 F.3d at 1075.

20.     Courts permit rejection effective as of the date of the Debtor's filing of the rejection motion. *See In re At Home Corp.*, 292 B.R. at 196; *See In re Player's Poker Club, Inc.*, 636 B.R. at 821.  Factors courts consider include: (1) the timing of the debtor's rejection motion and hearing; and (2) whether the debtor occupies the property. *In re At Home Corp.*, 292 B.R. at 196.

21.     Here, the Debtor filed this Motion concurrently with its chapter 11 petition and first day motions, and set a hearing as soon as possible thereafter.  The Debtor's prompt action therefore justifies approving the rejection of the Lease as of the filing of the motion. *Id.* at 1072 (affirming approval of rejection of lease where "the Debtor moved for rejection of the leases immediately upon filing its bankruptcy petition and had scheduled a hearing 'virtually as soon as possible'").  Further, the Debtor has not occupied the Premises since 2025.  This too supports approval of the Debtor's rejection of the Lease as of the filing of the motion. *Id.* at 1074 (affirming approval of rejection of lease where the debtor did

DEBTOR'S EMERGENCY *FIRST DAY* MOTION FOR AN ORDER (I) AUTHORIZING (A) THE REJECTION OF AN UNEXPIRED LEASE; (B) ABANDONMENT OF PERSONAL PROPERTY, IF ANY, AND (II) GRANTING RELATED RELIEF

not occupy the premises, noting that this "made it easier for the landlord to re-let [the buildings]." (brackets in original).

### C.      The Abandonment of Any Remaining Personal Property Is Appropriate

22.      The abandonment of any remaining Personal Property is appropriate and authorized by the Bankruptcy Code.  *See* 11 U.S.C. § 554(a).  Under section 554(a) of the Bankruptcy Code, a debtor, after notice and a hearing, is authorized to "abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."  *Id*.  A court may grant a motion to abandon property when "(1) the property is burdensome to the estate or (2) of inconsequential value and inconsequential benefit to the estate."  *In re Schwarz Publishing, Inc.*, 2009 WL 7751413, at \*4 (9th Cir. B.A.P. Aug. 9, 2009).

23.      Here, the Personal Property, which consists of furniture and office equipment, has little, if any value.  Further, the costs of removing and storing the Personal Property would be unduly burdensome.  *See id.* (approving abandonment of property, noting storage costs were "diminishing the estate").

## IV.      RESERVATION OF RIGHTS

24.      Nothing contained in this Motion or any actions taken by the Debtor pursuant to relief granted through this Motion is intended or shall be construed as: (a) an admission that the Lease is an executory contract or was not previously terminated; (b) as to the validity, priority, or amount of any particular claim against the Debtor; (c) a waiver of the Debtor's rights to dispute any particular claim on any grounds; (d) a promise or requirement to pay any particular claim; (e) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion; (f) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (g) a waiver or limitation of the Debtor's rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtor that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Motion are valid, and the Debtor expressly reserves the right to contest the extent, validity, or perfection, or to seek avoidance of all such liens.

## V.    REQUEST FOR BANKRUPTCY RULE 6004 WAIVERS

25.    The Debtor requests a waiver of the 14-day stay of an order authorizing the use, sale, or lease of property pursuant to Bankruptcy Rule 6004(h).  Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."  Fed. R. Bankr. P. 6004(h).

26.    The Debtor also requests a waiver of the notice requirements under Bankruptcy Rule 6004(a).  Pursuant to Bankruptcy Rule 6004(a), certain interested parties must receive 21 days' notice by mail of the "proposed use, sale, or lease of property of the estate other than in the ordinary course of business, unless the court for cause shown shortens the time or directs another method of giving notice." Fed. R. Bankr. P. 2002(a)(2).

27.    As explained above and in the Gladstone Declaration, the relief requested herein is necessary to avoid immediate and irreparable harm to the Debtor.  Accordingly, ample cause exists to justify the waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay imposed by Bankruptcy Rule 6004(h), to the extent these rules are deemed applicable.

## VI.    NOTICE

28.    Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) any party whose interests are directly affected by this specific pleading, including the Landlord; (iii) those persons who have formally appeared and requested notice and service in this proceeding pursuant to Bankruptcy Rules 2002 and 3017; (iv) the consolidated 20 largest unsecured creditors of the Debtor; and (v) all governmental agencies having a regulatory or statutory interest in this case.  No other or further notice need be provided.

### CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court grant the Motion, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances, and enter an Order substantially in the form of the proposed order attached hereto as Exhibit A.

- 7 -

DEBTOR'S EMERGENCY *FIRST DAY* MOTION FOR AN ORDER (I) AUTHORIZING (A) THE REJECTION OF AN UNEXPIRED LEASE; (B) ABANDONMENT OF PERSONAL PROPERTY, IF ANY, AND (II) GRANTING RELATED RELIEF

Dated:  July 20, 2026

**MANATT, PHELPS & PHILLIPS, LLP**

By:    */s/ Patrick L. DuBois*
Patrick L. DuBois (SBN 350331)
12730 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel: (619) 205-8512
Email: pdubois@manatt.com

Schuyler G. Carroll (*pro hac vice* forthcoming)
7 Times Square
New York, NY 10036
Tel: (212) 790-4500
scarroll@manatt.com


*Proposed Counsel to the Debtor and Debtor-in-Possession*

- 8 -

DEBTOR'S EMERGENCY *FIRST DAY* MOTION FOR AN ORDER (I) AUTHORIZING (A) THE REJECTION OF AN UNEXPIRED LEASE; (B) ABANDONMENT OF PERSONAL PROPERTY, IF ANY, AND (II) GRANTING RELATED RELIEF