# EXHIBIT A

**CSD 1001A**  [07/01/18]
Name, Address, Telephone No. & I.D. No.

MANATT, PHELPS & PHILLIPS, LLP
Schuyler G. Carroll (pro hac vice forthcoming)
7 Times Square
New York, NY 10036
Tel: (212) 790-4500
Email: scarroll@manatt.com

## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

In Re  CashCall, Inc.

Debtor.

BANKRUPTCY NO.  26-03102-JBM11

Date of Hearing:
Time of Hearing:
Name of Judge:  Judge J. Barrett Marum

## ORDER ON

### DEBTOR'S EMERGENCY FIRST DAY MOTION FOR AN ORDER (I) AUTHORIZING (A) THE REJECTION OF AN UNEXPIRED LEASE; (B) ABANDONMENT OF PERSONAL PROPERTY, IF ANY, AND (II) GRANTING RELATED RELIEF

The court orders as set forth on the continuation pages attached and numbered 2  through 3 with exhibits, if any, for

a total of 3 pages.  Motion/Application Docket Entry No. _____.

//

//

//

//

//

//

//

DATED: _____

_____
Judge, United States Bankruptcy Court

CSD 1001A [07/01/18]                                                                              Page **2** of **3**

ORDER ON
DEBTOR:                                                                              CASE NO: 26-03102-JBM11

---

The Court, having considered the Emergency First Day Motion for an Order (I) Authorizing (A) the Rejection of an Unexpired Lease; (B) Abandonment of Personal Property, if any, and (II) Granting Related Relief (the "Lease Motion") filed by CashCall, Inc. ("Debtor"), the Chapter 11 debtor and debtor in possession in the above-captioned Chapter 11 bankruptcy case, and the Court having found that it has jurisdiction to consider the Lease Motion and the relief requested therein, and upon consideration of the Declarations in Support of First Day Motions submitted by the Debtor, and finding good cause to grant the Lease Motion,

HEREBY ORDERS:

1.    The Lease Motion is GRANTED as set forth herein.

2.    Pursuant to sections 105(a) and 365(a) of the Bankruptcy Code and Bankruptcy Rules 6006 and 6007, the lease set forth in the Lease Motion (the "Lease") is rejected by the Debtor with such rejection effective as of the Petition Date.

3.    The Debtor is authorized, but not directed, to abandon any remaining personal property located at the premises subject to the Lease, free and clear of all liens, claims, encumbrances, and rights of third parties with such abandonment being effective as of the Petition Date. The counterparty under the Lease is authorized to use or dispose of any remaining Personal Property of the Debtor without further notice or any liability to the Debtor or any third parties or further order of this Court and without waiving any claims against the Debtor. The automatic stay is modified to the extent necessary to allow the disposition of any remaining Personal Property.

4.    Within two (2) business days after entry of this Order, the Debtor shall serve a copy of this Order on the counterparty under the Lease.

5.    If a Lease counterparty wishes to assert a claim arising from the rejection of the Lease, the Lease counterparty shall file with the Debtor's claims and noticing agent a proof of claim no later than thirty (30) days after the date of this Order.

6.    Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission that the Lease is an executory contract or was not previously terminated; (b) as to the validity, priority, or amount of any particular claim against the Debtor; (c) a waiver of the Debtor's rights to dispute any particular claim on any grounds; (d) a promise or requirement to pay any particular claim; (e) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion; (f) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (g) a waiver or limitation of the Debtor's rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtor that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Motion are valid, and the Debtor expressly reserves the right to contest the extent, validity, or perfection, or to seek avoidance of all such liens.

7.    By entry of this Order, the Debtor does not waive any claims that it may have against any counterparty to the Lease, whether or not such claims arise under, are related to the rejection of, or are independent of the Lease.

8.    Nothing herein shall prejudice the rights of the Debtor to argue that the Lease was terminated prior to the Petition Date; that any claim for damages arising from the rejection of the Lease is limited to the remedies available under any applicable termination provision of such Lease; or that any such claim is an obligation of a third party and not that of the Debtor or its estate.

9.    The contents of the Lease Motion satisfy the requirements of Bankruptcy Rule 6003(b), as the relief granted by this Order is necessary to avoid immediate and irreparable harm to the Debtor's estate.

10.   Notice of the Lease Motion is deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are waived by such notice.

11.   Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are effective immediately and enforceable upon its entry.

12.   The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance

CSD 1001A

with the Lease Motion.

13.  This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

***END OF ORDER***

CSD 1001A